IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CRAIG ALLAN WILLIAMS, :
:
      Petitioner :
:
  v. : CIVIL NO. 3:CV-15-1521
:
WARDEN L. J. ODDO, : (Judge Brann)
:
      Respondent :

**MEMORANDUM**

October 27, 2015

**Background**

    Craig AllanWilliams, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania, (USP-Allenwood), filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. Named as Respondent is USP-Allenwood Warden L. J. Oddo.[1]

    The Petitioner was convicted of first degree murder while armed on March

---

[1] Relief under § 2241 may only be sought in the district court having jurisdiction over a petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district; the district of confinement); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).

16, 1990 following a jury trial in the Superior Court of the District of Columbia. He was sentenced to a twenty (20) years to life term of imprisonment on April 11, 1990.[2]

    Williams acknowledges that he filed an earlier habeas corpus action in this district which asserted that his appellate counsel provided ineffective assistance for failing to raise trial counsel's ineffective assistance for inadequately cross examining eyewitness Sandra Plummer and argue that the trial court's determination that records of the Parkway Guest House should not be admitted was erroneous.  See  Williams v. Martinez, Civil No. 4:CV-08-1503 (M.D. Pa. June 3, 2008)(McClure, J.) .   See  Doc. 1, p. 2.  The Petitioner's earlier habeas action was construed as seeking relief pursuant to 28 U.S.C. § 2254 and transferred to the United States District Court for the District of Columbia.  The transferred petition was ultimately addressed and denied on the merits.  See Williams v. Martinez, 683 F. Supp.2d 29  (D.D.C.  2010).[3]

---

[2] Pursuant to the provisions of National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a), 111 Stat. Ann. 712, 745 (effective date Aug. 5, 1998), Petitioner and all other District of Columbia incarcerated felons were transferred into federal custody.

[3] Petitioner additionally indicates that he also previously filed an unsuccessful motion to recall the mandate with the trial court which raised some of the same arguments included herein.

Petitioner presently contends that his action is properly brought under § 2241 in this district because of his present confinement at USP-Allenwood and his remedies under District of Columbia Code § 23-110 are inadequate or ineffective.

Grounds One and Two of Petitioner's pending action asserts that Judge James F. McClure, Jr. erred by construing his first habeas corpus action as seeking § 2254 under Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002) and transferring the prior matter to the District Court for the District of Columbia. Ground Three raises the same arguments set forth in Williams' initial federal habeas petition, namely that trial and appellate counsel were both ineffective for not objecting to or correcting the prosecution's alleged introduction of false evidence regarding Plummer's testimony that she stayed with Petitioner at the Parkway Guest House following the murder.[4]

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa.

---

[4] Petitioner maintains that receipts from the Parkway Guest House contradict Plummer's testimony.

March 19, 2007)(Kosik, J.).  The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

**Grounds One & Two**

Petitioner contends that since Madley is not binding precedent on this Court it was improper for his prior habeas corpus action to be construed as seeking relief under § 2254 and transferred to the District Court for the District of Columbia. Madley recognized that District of Columbia offenders such as Williams are considered state prisoners for purposes of the federal habeas corpus statutes.  See id. at 1309.

It is initially noted that attempt by Petitioner to obtain reconsideration of the

disposition of his 2008 habeas corpus filing in this district is clearly untimely. Second, this Court agrees that <u>Madley</u> is not binding on this Court. However, in <u>Wilson v. United States Parole Commission</u>, 652 F.3d 348 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit, citing <u>Madley</u>, similarly held that a court of the District of Columbia is a state court and that a prisoner incarcerated for D. C. Code violations is considered a state prisoner. <u>See id</u>. at 352. <u>Wilson</u> clearly adapted the reasoning set forth in <u>Madley</u> and is binding precedent on this Court. Thus, since reliance on <u>Madley</u> was appropriate, Petitioner's argument that the decision to construe his prior habeas corpus action as seeking relief under § 2254 and transfer the matter from this district was erroneous does not set forth a valid claim for relief.

**<u>Ground Three</u>**

As previously discussed, Ground Three sets forth the same arguments which were raised by Williams' initial federal habeas petition, specifically that trial and appellate counsel were both ineffective for not objecting to or correcting the prosecution's alleged introduction of false evidence, eyewitness Plummer's testimony that she stayed with Petitioner at the Parkway Guest House following the murder.

Title 28 U.S.C. § 2244(a) and Rule 9(b) of the Rules Governing Section

2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), set forth the pertinent authority for determination as to whether second or successive § 2254 habeas corpus petitions may be reviewed by federal district courts. See Graham v. Warden, FCI-Allenwood, 2009 WL 326010 *1 (3d Cir. Oct. 13, 2009)(§ 2244(a) bars second or successive challenges to the legality of detention). Rule 9(b) of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3)and (4).

Section 2244(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Since all of the claims raised in Ground Three action were raised in Petitioner's initially filed habeas corpus action and addressed and denied on their merits by the District Court for the District of Columbia, the arguments raised by Ground Three are subject to dismissal as being a second or successive petition.

There is also no indication that Petitioner has been granted leave to file a second or successive habeas corpus petition by the Court of Appeals. Consequently, under the requirements set forth in § 2244(b), Ground Three

cannot be entertained by this Court.  See generally, Burgos v. Superior Court of Pa., 355 Fed. Appx. 585, 587 (3d Cir. 2009).  An appropriate Order will enter.

                      BY THE COURT:

                      s/ Matthew W. Brann
                      Matthew W. Brann
                      United States District Judge